

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

August 2, 2024

*Application Granted  Ms. Cardi is appointed as counsel for Defendant Andrew Burrell for the limited purpose of filing a motion for resentencing.  The Clerk of the Court is directed to terminate the letter motion at docket number 703.*
*Dated: August 14, 2024*
*New York, New York*

**Via ECF**

The Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Andrew Burrell*, 17 CR 610 (LGS)

Dear Judge Schofield:

    I was previously appointed to represent Mr. Burrell in the above-referenced matter. Mr. Burrell pled guilty on May 22, 2018, to counts one and two of the indictment (in violation of 18 U.S.C. § 1962(d), conspiracy to participate in a racketeering enterprise, and in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), conspiracy to distribute and posess with intent to distribute controlled substances, respectively.) The Court originally sentenced Mr. Burrell on May 21, 2019, to 100 months' incarceration on count one and 60 months' incarceration on count two, running concurrent to each other. Mr. Burrell is serving his incarceration at USP Big Sandy in Inez, Kentucky, with a projected release date of October 20, 2029.

    As the Court is certainly aware, the most recent amendments to the United States Sentencing Guidelines apply retroactively. Those amendments made "targeted changes" to reduce the impact of providing additional criminal history points for offenders (commonly known as "status points"). The Sentencing Commission explained its rationale for making the changes to the criminal history rules retroactive with the following: "The purpose of these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.'" *See* 28 U.S.C. § 991(b). The Commission determined that the policy reasons underlying the prospective application of the amendment apply with equal force to individuals who are already sentenced." *See* U.S.S.G. App. C, Amendment 825, Reason for Amendment.

    Given this framework, I believe that Mr. Burrell is eligible for resentencing because of the retroactivity of these most recent amendments to the sentencing guidelines. Moreover, I believe that Court attention is also appropriate in this matter, taking into consideration the stated purpose of the Sentencing Commission in both the amendments to the Guidelines and the



Partners
Dawn M. Cardi
Chad L. Edgar

Associate
Joanna C. Kahan

Senior Counsel
Michelle M. Younger

Of counsel
Nina Epstein

rationale for making those changes apply retroactively. I therefore respectfully request that this Court reappoint my office to represent Mr. Burrell for the purpose of submitting a motion for resentencing to this Court. This request is made pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e).

    I thank the Court in advance for its consideration of this matter.

                              Respectfully submitted,

                              Dawn M. Cardi

cc: all parties via ECF